UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SHAWN ASSELIN,            )
                          )
    Plaintiff        )
                          )
v.                        )   2:13-cv-00222-DBH
                          )
MATHEW CHICK, et al.,     )
                          )
    Defendants       )

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 38)

Plaintiff has filed a motion for appointment of counsel (ECF No. 38). Appointment of counsel is not automatic in federal cases of this nature. "There is no absolute constitutional right to a free lawyer in a civil case." Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24. Plaintiff's motion properly references the factors this court must consider when confronting such a motion, but I do not find those exceptional circumstances in this case when I consider the totality of the circumstances.

Contrary to Asselin's motion, the case is neither legally nor factually complex, at least at these early stages. It is a fairly typical excessive force, retaliation case brought pursuant to Section 1983. The fact that Asselin has brought state law tort claims as well may make the case slightly more complex, but that was his choice and he obviously knows what he is doing as the complaint invokes this court's supplemental jurisdiction. Additionally, the difficulties with

discovery that Asselin envisions are the sort of problems that every pro se prisoner litigant encounters and which the court addresses regularly in the context of pro se cases.

I also must put Asselin's request in context. This case represents his fourth involvement in federal litigation in the last three years. The first case was a grand jury proceeding, <u>In Re Grand Jury</u>, 2:11-mc-00010-JHR where counsel was appointed to represent Asselin, twice. Both counsel filed motions to withdraw, the second attorney indicating that Asselin wished to handle the matter himself, pro se. The second case, a Section 1983 prisoner civil rights case, 2:12-cv-00036-GZS, was settled by Asselin pro se. In that case a motion for appointment of counsel was pending and I had contacted pro bono counsel attempting to secure counsel for Asselin because his allegations did appear to have some merit, if true. Pro bono counsel advised the court that Asselin had told him he did not need counsel because the case had settled. The third pro se prisoner 1983 case, 2:13-cv-00320-DBH was voluntarily dismissed by the plaintiff prior to service. Given Asselin's litigation experience and his obvious ability to navigate the system efficiently, I do not find that an attempt to locate pro bono counsel is justified at this juncture.

Accordingly, the Motion for Appointment of Counsel is hereby **DENIED** at this time, subject to reconsideration should the circumstances of this case change dramatically.

### CERTIFICATE

Any objections to this order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

January 15, 2014

/s/Margaret J. Kravchuk
U.S. Magistrate Judge